# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0051V

|  |  |
|---|---|
| JANET JACKSON, | Chief Special Master Corcoran |
| Petitioner, |  |
| v. | Filed: February 5, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Traci R. Patton, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 15, 2020, Janet Jackson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on February 6, 2018. Petition at 1. On June 2, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties and expedited Motions Day argument by the parties. ECF No. 47.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $32,982.17 (representing $31,431.10 for fees and $1,551.07 for costs). Petitioner's Application for Attorneys' Fees ("Motion") filed Dec. 4, 2023, ECF No. 55. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 56.

Respondent reacted to the motion on December 15, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 57. Petitioner filed no reply.

I note this case required additional briefing and argument regarding the issue of damages. *See* Scheduling Order, issued Apr. 12, 2022 (noting an impasse in damages discussions); Petitioner's Memorandum in Support of Damages, filed May 16, 2022, ECF No. 40; Petitioner's Reply to Respondent's Response to Petitioner's Brief in Support of Damages, filed Oct. 18, 2022, ECF No. 44; Hearing Minute Entry, dated June 1, 2023 (regarding the May 26, 2023 hearing). Petitioner's counsel expended approximately 15.4 hours drafting the brief in support of damages; and 7.7 hours drafting the reply brief, totaling 23.1 hours. ECF No. 55 at 20-21. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed attorney costs, except for $18.57 paid for postage and $0.10 for 1 page of in-house copying costs. ECF No. 55 at 24-46. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $32,982.17 (representing $31,431.10 for fees and $1,551.07 for costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Ronald Craig Homer.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master